Of Counsel:

DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

MARK M. MURAKAMI          7342-0
JOANNA C. ZEIGLER          10426-0
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:   (808) 533-2242

Attorneys for Plaintiff
CARINNE POMARE

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARINNE POMARE,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No. _____<br>(Civil Rights)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

### COMPLAINT

Plaintiff CARINNE POMARE ("Plaintiff") by and through her attorneys

DAMON KEY LEONG KUPCHAK HASTERT and for her Complaint against

Defendants UNITED AIRLINES, INC. ("United"); JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 alleges and avers as follows:

## INTRODUCTION

1.     Plaintiff was dedicated employee of United for twenty-four years without a single disciplinary mark on her record.

2.     Just before her twenty-fifth anniversary and just before her sixtieth birthday, United terminated Plaintiff's employment, allegedly based on her attendance record.

3.     Plaintiff's termination caused her severe emotional distress from losing her job of nearly twenty-five years and the loss of retirement benefits from United that she would have had had she retired in good standing.

4.     However, in terminating Plaintiff, United failed to account for Plaintiff's disability and failed to engage in an interactive process to allow her reasonable accommodations in violation of the American with Disabilities Act and Haw. Rev. Stat. Chapter 378.

5.     Plaintiff is entitled to damages in an amount to be proven at trial due to United's unlawful employment practices in this case.

## PARTIES

6.     Plaintiff Carinne Pomare is and was at all times relevant to this Complaint a resident of the City and County of Honolulu, State of Hawaii.

7.     Defendant United is a Delaware Corporation registered to do business in the State of Hawaii.

8.     JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 (collectively "Doe Defendants") are persons, governments, entities, agents or estates which are in some manner presently unknown to Plaintiff and who are liable for the claims for relief set forth in this Complaint. Plaintiff is presently unaware of the true names and capacities of the Doe Defendants but will amend the Complaint as soon as they are ascertained.

## JURISDICTION AND VENUE

9.     This civil action arises under the laws of the United States, as more particularly described herein, and therefore this Court has original jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq*.

10.     The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367.

11.    Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

## I.    PLAINTIFF WAS DISABLED WHILE AT WORK.

12.    Plaintiff was employed by United for twenty-four years.

13.    She served in various positions, but was most recently a customer service representative.

14.    In 2014, Plaintiff was asked by her manager to rush to the furthest gate from the ticket counter, where she was working, to greet an incoming plane. In the process of hurrying to the gate in the few minutes she was given, Plaintiff tore her meniscus in her right knee, was instantly in excruciating pain and, thus, suffered a work place injury.

15.    As a result of the injury, Plaintiff suffers from osteoarthritis, internal derangement and a meniscal tear in her knee, which substantially limits her ability to, among other things, stand and walk.

16.    United recognized Plaintiff's workplace injury by accepting Plaintiff's workers' compensation claim and paying her benefits.

17.    Plaintiff's doctor cleared her to work beginning in January 2017, so long as she would be provided periods of rest after certain periods of time.

18.     United did not allow Plaintiff to return to work until she submitted a doctor's note stating she could return to work full duty with no restrictions, which occurred in April 2017.  Thus, United has been aware of Plaintiff's workplace injury and the limitations it imposed upon her since 2014.

19.     Prior to returning to work in 2017, Plaintiff requested to be reassigned from the ticket counter to a lounge position as a reasonable accommodation because the lounge position would allow her to sit, stand, or walk around as needed; however, her request was denied.

20.     Because Plaintiff's injury persisted and was aggravated by, among other things, standing and walking, In May 2018, Plaintiff was also granted leave pursuant to the Family Medical Leave Act. Under her family medical leave, Plaintiff was permitted certain allocated absences per month due to her disability.

21.     Although United knew Plaintiff was injured and knew that she was forced to take some absences from work due to her disability, United at no time engaged in an interactive process with Plaintiff to identify her needs and how they could be accommodated such as suggesting another position that would accommodate Plaintiff or offering for her to have a stool to sit as needed during the day.

22.     United also did not offer Plaintiff a leave of absence as a reasonable accommodation.

23.     Plaintiff was ready and willing to do anything she could to keep her job.

## II.   PLAINTIFF WAS TERMINATED FROM HER JOB BECAUSE OF HER DISABILITY.

24.     In May 2019, Plaintiff received a letter of her proposed termination for violating United's Attendance Policy "through continued absenteeism and the exhaustion of the points in your Dependability Points Bank."

25.     After an Investigatory Review Meeting, held on June 7, 2019, Plaintiff received another letter stating her employment was terminated based on her absences.

26.     The letter does not acknowledge that the absences were incurred because of Plaintiff's workplace injury even though she submitted a doctor's note to support each time she was out of work due to her injury.

27.     Plaintiff further disputes that she exceeded her allowable absences because she was told by United that if she were to have a doctor's note for each absence, they would all be cleared.

28.     Even after she submitted such a note, her employment was terminated seemingly without regard for her workplace injury.  At the time of Plaintiff's termination she was 59 years old and one year away from her 25th anniversary with United.

29.    Her termination stripped her of her pay and benefits that she would have permanently maintained had she retired in good standing.

## COUNT I: VIOLATION OF AMERICAN WITH DISABILITIES ACT

30.    Plaintiff hereby incorporates and adopts each and every allegation in all previous paragraphs.

31.    The American With Disabilities Act ("ADA") provides that an employer may not "discriminate against a qualified individual on the basis of disability" in regard to, among other things, "discharge of employees." 42 U.S.C. § 12112(a).

32.    Plaintiff is a qualified individual within the meaning of the ADA. *See* 42 U.S.C. § 12111(8) (defining qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires").

33.    Disability is construed broadly under the ADA. *See* 42 U.S.C. § 12102(1), (4)(A); 29 C.F.R. § 1630.2.

34.    Plaintiff is a qualified individual because she can perform the essential functions of her employment with reasonable accommodations and her workplace injury qualifies as a disability under the ADA.

35.     The ADA requires an employer to engage in an interactive process with its employee to identify and provide reasonable accommodations so that they can continue to work. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002).

36.     Failure to provide a reasonable accommodation is an act of discrimination, if a reasonable accommodation is available and would not place an undue hardship on the operation of the employer's business. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). The employer must engage in an interactive process with the employee, which requires good faith communication. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000).

37.     United was notified of Plaintiff's request for a reasonable accommodation in 2017 when she requested to be reassigned to the lounge so that she could more regularly sit, stand, or walk as needed while working. At that point, United was obligated to engage in the interactive process with Plaintiff and to communicate in good faith to see if a reasonable accommodation was available, but failed to do so.

38.     The fact that United granted family medical leave to Plaintiff does not satisfy the reasonable accommodation requirement. *Shim v. United Air Lines, Inc.*, 2012 U.S. Dist. LEXIS 184058 (D. Haw. Dec. 13, 2012) (concluding genuine issue of material fact existed as to whether ADA was violated, despite employee having been on leave of absence for three years); 20 C.F.R. § 825.702(a) ("Thus, the leave

8

provisions of the [FMLA] are wholly distinct from the reasonable accommodation obligations of employers covered under the [ADA].").

39.    United violated the ADA when it terminated Plaintiff's employment, knowing that she accrued absences due to a disability and having not identified any reasonable accommodation for Plaintiff so that she could continue to work.

40.    Plaintiff is entitled to a declaration that United violated the ADA.

41.    Plaintiff requests damages in the amount to be proven at trial.

**COUNT II: VIOLATION OF HAW. REV. STAT. CHAPTER 378**

42.    Plaintiff hereby incorporates and adopts each and every allegation in all previous paragraphs.

43.    Haw. Rev. Stat. § 378-2 provides that it "shall be an unlawful discriminatory practice" for an employer to discharge an individual because of a disability.

44.    United terminated Plaintiff's employment based on absences incurred because of Plaintiff's disability.

45.    In terminating Plaintiff's employment because of her disability and refusing to provide reasonable accommodations to Plaintiff, United violated Haw. Rev. Stat. § 378-2.

46.    Plaintiff is entitled to declaration that United violated Haw. Rev. Stat. § 378-2.

47.    Plaintiff requests damages in the amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A.    For compensation at a rate of pay and other benefits of employment to which Plaintiff would have been entitled had she not been subjected to unlawful termination;

B.    For an award of front pay, if appropriate;

C.    For general, special, consequential and punitive damages in an amount to be proven at trial;

D.    For attorneys' fees and costs as allowed by law;

E.    That the Court grant Plaintiff any such other and further relief as it may deem just and appropriate.

DATED:  Honolulu, Hawaii, January 25, 2021.

DAMON KEY LEONG KUPCHAK HASTERT

*/s/     Mark M. Murakami*
MARK M. MURAKAMI
JOANNA C. ZEIGLER

Attorneys for Plaintiff
CARINNE POMARE